IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSE HERNANDEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:17cv551-MHT |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Petitioner Jose Hernandez's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. No. 1.[1] For the reasons that follow, the court recommends that Hernandez's § 2255 motion be denied without an evidentiary hearing and that this action be dismissed with prejudice. Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

**I.   INTRODUCTION**

In April 2015, a jury found Hernandez guilty of conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count 1), and aiding and abetting possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 3). After a sentencing hearing on August 13, 2015, the district court sentenced Hernandez to 210 months in prison, consisting of concurrent 210-month terms on both counts.

---

[1] References to document numbers assigned by the Clerk of Court are designated as "Doc. No." Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

Hernandez appealed, arguing that his sentence was procedurally and substantively unreasonable. *See* Doc. No. 13-17. On July 21, 2016, the Eleventh Circuit issued an opinion affirming Hernandez's convictions and sentence. *See United States v. Hernandez*, 658 F. App'x 467 (11th Cir. 2016) (Doc. No. 13-18).

On August 8, 2017, Hernandez, acting *pro se*, filed this § 2255 motion asserting the following claims:

1. His counsel was ineffective for failing to advise him of the risks of going to trial.

2. Counsel was ineffective for failing to enter plea negotiations with the Government and failing to advise him about negotiating a plea deal.

3. Counsel was ineffective for failing to provide a translator who could explain "trial penalties" and the benefits of a plea bargain and pleading guilty.

4. The district court erred in applying the organizer/leader enhancement, U.S.S.G. § 3B1.1(c), in calculating his sentence.

5. Counsel was ineffective on appeal by failing to pursue a challenge to the district court's application of the organizer/leader enhancement, U.S.S.G. § 3B1.1(c).

Doc. No. 1 at 4–6.

## II.   DISCUSSION

### A.   General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255;

*United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

**B.   Claims of Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of

3

the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner makes the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been made. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To establish ineffective assistance of appellate counsel, a movant must demonstrate "that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker[.] Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

1. *Advice About Risks of Trial*

In conclusory fashion, Hernandez asserts that his counsel, J. Carlton Taylor, was ineffective for failing to advise him of the risks of going to trial. *See* Doc. No. 1 at 4.

Addressing Hernandez's claim in an affidavit filed with this court, Taylor states:

> . . . Mr. Hernandez did not speak English as his primary language and as such the undersigned obtained the assistance of a translator to assist in meetings with Mr. Hernandez. After a complete review of the discovery the undersigned met with Mr. Hernandez and the translator on several occasions to discuss his plea and trial options. At all times during these meetings, Mr. Hernandez denied any knowledge of the methamphetamine found in the home. As such, due to Mr. Hernandez's denial, the undersigned prepared the case for trial.
>
> Mr. Hernandez alleges that he was not made aware of the risk of going to trial; however, the undersigned explained to Mr. Hernandez that both co-defendants intended to testify against him at trial and that he was potentially facing a conviction if he went to trial. Further, the Government made two separate offers based on negotiations which were conveyed to Mr. Hernandez prior to trial, to include a meeting with Mr. Hernandez the day of the plea cut off to ensure that he was making a knowing and intelligent decision to proceed to trial. At all times, Mr. Hernandez denied any involvement with the Conspiracy and/or distributing any Methamphetamine. Mr. Hernandez was informed that he would have to accept responsibility for his actions in order to enter a plea. Mr. Hernandez refused to admit any participation in the charged conduct. At all times, the undersigned believes Mr. Hernandez understood the Government offer and the risks of proceeding to trial.

Doc. No. 12 at 1–2.

The averments by Taylor in his affidavit[2] are consistent with assertions he made in a motion to withdraw as counsel that he filed after Hernandez's trial but before sentencing. *See* Doc. No. 13-11. In that motion, which Taylor filed in light of Hernandez's having filed two *pro se* motions in which he requested new counsel and alleged that Taylor had rendered ineffective assistance, Taylor asserted:

---

[2] In his reply to the Government's response to his § 2255 motion (Doc. No. 17), Hernandez does not dispute the averments by Taylor in his affidavit.

> Counsel avers that he fully investigated the case, met with the Defendant and explained the evidence against him, offered the Defendant the opportunity to make a decision with the advice of counsel on whether or not to proceed to trial or proffer and seek a plea agreement and to fully participate in his case throughout counsel's representation. The Defendant chose to proceed to trial and as in his [*pro se*] motion [filed with the district court] insisted on his innocence throughout counsel's representation.

Doc. No. 13-11 at 1–2.

After a hearing at which she considered Hernandez's allegations regarding Taylor and Taylor's assertions about his advice to Hernandez, the magistrate judge denied Taylor's motion to withdraw as counsel, reasoning that Hernandez "is receiving effective assistance of counsel." Doc. No. 13-12 at 1. Taylor continued to represent Hernandez at sentencing and on appeal.

Where a petitioner raises a claim of ineffective assistance of counsel like the one raised by Hernandez in his § 2255 motion, he must show deficient performance by counsel and that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded guilty and would not have insisted on going to trial. *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). Here, Hernandez's conclusory allegations in his § 2255 motion fail to establish deficient performance by Taylor. Moreover, Hernandez does not assert that, but for Taylor's alleged failure to advise him of the risks of going to trial, he would not have insisted on going to trial but instead would have pleaded guilty. Therefore, he has not shown he was prejudiced by Taylor's alleged errors. *Coulter*, 60 F.3d at 1504. This is especially so because, both before and after trial, Hernandez insisted he was not guilty of the offenses. *See*, *e.g.*, Hernandez's *pro se* Motion for New Trial or Dismissal of Charges (Doc. No. 13-6) at 1–2; *Osley v. United States*, 751 F.3d 1214, 1225 (11th Cir. 2014) ("Osley's insistence on his

6

innocence, both before and after trial, makes it more difficult to accept his claim that he would have taken a fifteen-year plea deal."); *Rosin v. United States*, 786 F.3d 873, 878–79 (11th Cir. 2015) (defendant failed to sufficiently allege prejudice where the record showed he had consistently maintained his innocence and refused to accept responsibility).

Hernandez is further unable to demonstrate prejudice where, at the sentencing hearing, the district court asked the probation officer to calculate Hernandez's sentencing range as if Hernandez had accepted responsibility and pleaded guilty instead of going to trial. *See* Doc. No. 13-12 at 12. The probation officer determined that instead of a sentencing guidelines range of from 235 to 293 months in prison without acceptance of responsibility, Hernandez's sentencing guidelines range with acceptance of responsibility would be from 168 to 210 months in prison. *Id*. at 11–12. The district court then varied Hernandez's sentence downward to 210 months—25 months below the bottom of the otherwise applicable guidelines range—to sentence Hernandez to 210 months in prison. *Id*. at 13. Because Hernandez was sentenced within the guidelines range that would have applied to him had he pleaded guilty and not gone to trial, the undersigned finds it is not reasonably probable that, had Taylor advised Hernandez differently about the risks of going to trial, Hernandez's sentence upon pleading guilty would have been any lower than the one he received following trial.

A district court must hold a hearing if the movant has alleged "reasonably specific, non-conclusory facts that, if true, would entitle him to relief," but it "need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) (quotation marks omitted). Hernandez does not present

7

reasonably specific, non-conclusory facts showing deficient performance by Taylor or prejudice resulting from Taylor's alleged errors. Therefore, this claim of ineffective assistance of counsel should be rejected without an evidentiary hearing.

### 2. *Plea Negotiations and Advice About Plea Deal*

Hernandez claims that Taylor rendered ineffective assistance of counsel by failing to enter plea negotiations with the Government and failing to advise him about negotiating a plea deal. *See* Doc. No. 1 at 4.

As with his previous claim, Hernandez's claim here is conclusory and unsupported by facts or argument. Further, counsel Taylor's above-quoted motion to withdraw as counsel (*see* Part II.B.1) refutes Hernandez's present suggestion that Taylor did not advise Hernandez about the possibility of plea negotiations. *See* Doc. No. 13-11 at 1–2. The record also reflects that, at the beginning of Hernandez's sentencing hearing, the district court asked counsel for the Government what his response was to Hernandez's *pro se* post-trial motion to enter into a plea agreement.[3]  Doc. No. 13-11 at 1.  The Government's counsel informed the court that there had been overtures to Hernandez about a plea agreement before trial, but the Government was told that Hernandez had no interest in negotiating a plea and insisted on going to trial. *Id*. The Government's counsel argued that because Hernandez had been tried and convicted, the question of a guilty plea appeared to be moot. *Id*. at 1–2. Taylor then confirmed on the record that, before trial, he had discussions with the Government and Hernandez about the possibility of a plea, but Hernandez had insisted his codefendants were lying against him and he was not involved

---

[3] Hernandez filed the *pro se* motion seeking a plea agreement on July 18, 2015, over three months after he was convicted and approximately one month before his sentencing hearing. Doc. No. 13-13.

in the charged crimes. *Id*. at 2. The district court asked Hernandez if he had anything else for the court to consider, and Hernandez indicated he did not. *Id*. The district court then denied Hernandez's post-trial motion to enter into a plea agreement. *Id*.

"[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 133, 145 (2012). Counsel must also "assist the defendant actually and substantially in deciding whether to enter the plea." *Owens v. Wainwright*, 698 F.2d 1111, 1113 (11th Cir. 1983). To meaningfully advise the defendant in the plea context, counsel "must be sufficiently familiar with the facts and law" of the defendant's case. *Owens*, 698 F.2d at 1114. Beyond that, the Supreme Court has noted that "the duty and responsibilities of defense counsel in the plea bargain process" are difficult to define, as such negotiations are an art "at least as nuanced as trial advocacy." *Frye,* 566 U.S. at 144.

There is no constitutional right to plea bargain. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). A petitioner fails to establish he was prejudiced by counsel's failure to negotiate a favorable plea agreement "with nothing more than the bald assertion that such an agreement might have been possible." *Cummings v. United States*, 2013 WL 2422889, at *8 (S.D. Ga. 2013).

In his affidavit addressing Hernandez's allegations of ineffective assistance, Taylor asserts that, prior to trial, he relayed two Government offers to Hernandez based on plea negotiations, "to include a meeting with Mr. Hernandez the day of the plea cut off to ensure that he was making a knowing and intelligent decision to proceed to trial." Doc. No. 12 at 1–2. Taylor also asserts that he told Hernandez he would have to accept responsibility to

9

enter a plea, but Hernandez refused to admit any participation in the charged conduct, so no plea agreement could be reached. *Id*. at 2. Hernandez does not dispute these averments by Taylor.

Here, Hernandez's conclusory allegations in his § 2255 motion fail to establish deficient performance by Taylor. Moreover, Hernandez does not allege that, but for Taylor's purported failure to enter plea negotiations and advise him about negotiating a plea deal, he would not have insisted on going to trial but instead would have pleaded guilty. Therefore, he has not shown he was prejudiced by Taylor's alleged errors. *Coulter*, 60 F.3d at 1504. Further, as previously noted, Hernandez persisted in asserting his innocence of the charged offenses both before and after trial. This, too, weighs against any suggestion that, had Taylor acted differently, Hernandez would have been willing to plead guilty instead of facing a trial. *Osley*, 751 F.3d at 1225; *Rosin*, 786 F.3d at 878–79. Also militating against a finding of prejudice is the above-discussed downward variance imposed by the district court at Hernandez's sentencing, where Hernandez was effectively sentenced as if he had pleaded guilty and accepted responsibility instead of going to trial. It is not reasonably probable that the district court would have sentenced Hernandez to any lesser sentence if Taylor had successfully negotiated a plea deal for him.

Here, Hernandez fails to present reasonably specific, non-conclusory facts showing deficient performance by Taylor or any prejudice resulting from Taylor's alleged errors. Hernandez's claim of ineffective assistance of counsel should therefore be rejected without an evidentiary hearing. *See Winthrop-Redin*, 767 F.3d at 1215.

    **3.**    ***Translator Issues***

Hernandez next claims that Taylor was ineffective for failing to provide a translator who could explain "trial penalties" and the benefits of a plea bargain and pleading guilty. Doc. No. 1 at 4.

Once again, Hernandez presents a conclusory claim without supporting facts or argument. In his *pro se* Motion for New Trial or Dismissal of Charges filed a month after his trial, Hernandez complained that the translator provided to him used a "Latin language dialect" that differed from the Mexican dialect, and that he "did not understand 80 percent of the [translator's] interpretation." Doc. No. 13-6 at 7.

The record reflects that before Hernandez was indicted, Taylor applied for and was granted funds to hire a translator. Doc. Nos. 13-2, 13-3. In his request for the translator, Taylor estimated he would need the translator for "approximately 30 hours or more of translation services . . . out of court." Doc. No. 13-2 at 1. In his affidavit filed with this court, Taylor represents that he and the hired translator met with Hernandez on several occasions to discuss his plea and trial options. Doc. No. 12 at 1. Taylor further states: "At all time, the undersigned believes Mr. Hernandez understood the Government offer and the risks of proceeding to trial." *Id*. at 2. Hernandez does not dispute these averments by Taylor.

Hernandez has not pleaded sufficient facts to demonstrate that Taylor performed deficiently regarding the hired translator. Furthermore, Hernandez does not demonstrate how he was prejudiced by Taylor's alleged errors. He does not identify what could have been explained to him through an interpreter that was not explained, or how any such explanation would have led to a different outcome. He has not asserted that, had a different translator been provided, he would have decided to plead guilty instead of going to trial,

11

and as noted previously, he persisted in asserting his innocence both before and after trial. Further, as also noted previously, the district court sentenced him as if he had pleaded guilty.

Because Hernandez fails to present reasonably specific, non-conclusory facts showing deficient performance by counsel and resulting prejudice, this claim of ineffective assistance of counsel should be rejected without an evidentiary hearing. *Winthrop-Redin*, 767 F.3d at 1215.

### 4. *Organizer/Leader Enhancement*

Hernandez claims that the district court erred by imposing a two-level U.S.S.G. § 3B1.1(c) organizer/leader enhancement to his offense level calculation under the Sentencing Guidelines. Doc. No. 1 at 5–6. Relatedly, Hernandez argues that Taylor rendered ineffective of counsel on appeal by failing to pursue a claim challenging the district court's imposition of the organizer/leader enhancement.[4] *Id.* at 5.

Section 3B1.1(c) of the Sentencing Guidelines provides that a defendant's offense level should be increased by two levels for his role in the offense "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b)." U.S.S.G. § 3B1.1(c). To qualify for an adjustment under this section, "the

---

[4] Hernandez's substantive claim alleging district court error is procedurally defaulted, as it is a claim that must be pursued on direct appeal, but was not. *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). Ineffective assistance of counsel for failing to pursue a claim may constitute "cause" excusing a procedural default. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). However, in such circumstances, counsel is not ineffective if the underlying substantive claim lacks merit. *Id*. In assessing Hernandez's claim that Taylor was ineffective for failing to pursue the organizer/leader enhancement issue on appeal, this Recommendation necessarily assesses the merits of the underlying substantive claim. Because Hernandez demonstrates no entitlement to relief on the merits of the underlying substantive claim, he is not entitled to relief on his claim of ineffective assistance of counsel. Because he fails to demonstrate ineffective assistance of counsel, he does not establish cause excusing his procedural default.

defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1 cmt. n.2. "A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1 cmt. n.1. For the enhancement to apply, "there must be evidence that the defendant asserted some control, influence or decision-making authority over another participant in the criminal activity." *United States v. Martinez*, 584 F. 3d 1022, 1026 (11th Cir. 2009).

Here, the Government's evidence indicated that Hernandez was the leader of a group that distributed methamphetamine in southeastern Alabama. *See* Doc. Nos. 13-4, 13-5; Doc. No. 13-9 at 4–7. Trial testimony by one of Hernandez's codefendants, Douglas Berry, indicated that Hernandez directed Cristian Espinoza, another codefendant, to conduct methamphetamine sales to Berry (who would resell the drug to others) because Hernandez could not speak English. *See* Doc. No. 13-4 at 29–37. All three men were present during the sales. Espinoza translated the drug transactions between Hernandez and Berry. *Id.* Under the direction of Hernandez, Espinoza provided Berry with the methamphetamine. *Id.* In return, Berry provided Espinoza with money, which was handed to Hernandez. The record indicates that Espinoza stated in a proffer with the Government that all he did in the drug transactions was translate. *See id.*

At Hernandez's sentencing, Taylor objected to application of the organizer/leader enhancement on grounds that, because Hernandez spoke Spanish during the transactions, it would have been unclear to Berry, who did not speak Spanish, that Hernandez was directing Espinoza's actions in the sales. Doc. No. 13-15 at 3. The district court rejected this argument and found by a preponderance of the evidence that Hernandez was "at least

13

a supervisor or leader and that he definitely was directing the transaction at issue here." *Id* at 4.

On appeal, the district court's decision would have been reviewed to determine if its factfinding was clearly erroneous. *See United States v. Baldwin*, 774 F.3d 711, 734 (11th Cir. 2014) (an enhancement based on a defendant's role in the offense is a factfinding reviewed only for clear error). Here, there was ample evidence before the district court from which it could conclude by a preponderance of the evidence that Hernandez acted as an "organizer, leader, manager, or supervisor" of the drug transactions. Hernandez fails to establish clear error in the district court's ruling. Consequently, he fails to demonstrate it was professionally unreasonable for Taylor to pursue this issue on appeal or that Taylor's failure to do so was prejudicial. He is entitled to no relief on this claim of ineffective assistance of counsel.[5]

### III. CONCLUSION

For the reasons set out above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Hernandez be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 25, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the

---

[5] Because Hernandez does not prove ineffective assistance of counsel, he cannot establish cause excusing the procedural default of his substantive claim.

Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, on this the 10th day of March, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge